U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
FEB -1 2019
CLERK, U.S. DISTRICT COURT
By_____
Deputy

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

ARNULFO RODRIGUEZ §
(Movant) §
§
v §
§
UNITED STATES OF AMERICA § Case #: 4:18-cv-00876-O
(Respondent) § Honorable Judge: REED O'CONNOR
§

## "MEMORANDUM OF LAW IN SUPPORT TO FILE A SUPPLEMENT FOR MOTION UNDER 28 U. S. C. §2255 TO VACATE SET ASIDE OR CORRECT SENTENCE".

Movant requests this and all other pleadings and submissions he presents for consideration in this action be construed and considered under the auspices established by and pursuant to Haines v Kerner 404 U.S. 519, 30 L.Ed 2d 652, 92 S.Ct. 594 (1972) wherein it is stated by the justices in part: "Pro-Se litigant's pleadings are to be construed liberally, granted great latitude and held to a less stringent standard than that of formal pleadings drafted by attorneys and it is in the interest of justice to do so". The justices went on to state, "If the court can reasonably read the pleading to state a valid claim on which the litigant could prevail and the judge can see what he is driving at that ought to be enough and it should do so despite the failure to cite proper legal authority, confusion of legal theories, porr syntax and sentence construction or the litigant's unfamiliarity with pleading requirements." Movant herein requests such interpretation.

Movant submits and presents this supplement to his 28 U.S.C. §2255 Motion in order to expand the record and present for the Court's consideration his arguments and authorities as was requested

in his motion for leave to supplement for motion pursuant to 28 U.S.C. §2255 to vacate, set aside or correct sentence by a person under federal custody.

## BACKGROUND

On January 15, 2016, Movant was indicted with others in a one-count indictment charging him with Conspiracy To Possess With Intent To Distribute Cocaine in violation of 21 U.S.C. §846 (846(a)(1) and (b)(1)(B), including a Forfeiture Notice under 21 U.S.C §853(a) and (p).

On june 21, 2016, Honorable Judge Reed O'Connor, United States District Judge impose to the Movant a sentence of 77 months of imprisonment to be served under the Bureau Of Prisons custody; a supervised release term of three (3) years, and to surrender to a duly-authorized immigration official for deportation.

## ARGUMENTS

As related in the 28 U.S.C. §2255 To Vacate, Set Aside or Correct Sentence by a Person in Federal Custody form ("Form") submission, the primary issue raised was the deficient and delayed performance of both of his former attorneys on the investigations of the case. On the first place (Ground One) Attorneys Robert J. Herrington ("Herrington") nor David D. Burns ("Burns") did never addressed the issue of the Fort Worth Police Department officer Garcia ("Garcia") on coercing co-conspirator Castaneda to conspire on a drug deal involving to Juan Antonio Lopez and Guillermo Guerrero ("Guerrero") and subsequently the Movant, notwhitstanding the same pattern used by the mentionated officer Garcia at least twice with the clear purpose to "build" the conspiracy case.

Likewise, both lawyers failed to make several significant

petitions as:

- Investigate and compare co-defendants testimonies to mantain proper and diligent investigations on behalf the Movant, even when the co-conspirators had addmitted to the authorities during the interrogatories, were (or being) drug dependents or users.
- Failure to request proper laboratories test on the seized drugs, just as the co-conspirators lawyers did, to obtain the quality of the same which eventually was significantly contemplated on the co-conspirators behalf at the time of their sentence time. This even when the Movant verbally requested the same action to attorney Herrington but counsel pretended not knowing what kind of petition Movant was refering to.
- Additionally, both lawyers failed to demonstrate the non-relation between the firearms found at Movant's residence and the drugs seized with which the Movant was accountable of (two Kilograms), even when there exist a significant distance between the location of the seizure and the Movant's home.
- Attorney's also failed to address the issue of the violation of the Movant's Constitutional right of being unreasonable stoped on a "coincidental" traffic violation where Federal Agents appeared with a Federal warrant against Rodriguez.
- Herrington and Burns likewise failed on non-reviewing the co-conspirators statements against Movant, nor the Movant's self-incriminating statements made at the timeof his arrest by the declaring that the drugs belonged to Guerrero and Movant was only holding them for Guerrero. As a matter of fact, Guerrero was never accountable, indicted or made responsible for the Stas house as Movant was.

- Both lawyers also failed on probing or clarifying the false Pre-Sentence Investigation statements never mentionated by the Movant where was literally added that Movant declared to the agents that the money found at his home ($25,500.00) were product of drugs transactions and that the Movant want it to buy one (1) Kilogram of cocaine. Moreover, Movant totaly denies the fact of mentioning being a drug dealer for about 6 years and that during that period of time he sold about thirty (30) Kilograms of cocaine. Actually, movant clearly confessed that it was his first time trying to make such kind of business, nevertheless the investigation report "revealed" that Movant preferred to distribute small quantities of cocaine to a somehow never specified, identified, nor probed customer(s) known only by Guerrero apparently.

- Attorney Herrington did not show being resolute on demonstrating Movant's history behavior prior to the crime he was convicted of, nor his work history as a cotton fields worker, purcharse of old items for re-sale in Mexico as goods, clothes, cars among others; seasonal jobs on the construction field; car mechanic, etc. Bear in mind he used to be the only supportive relative not just for his wife and children, but also for his relatives in Mexico.

GROUND TWO:   Ineffective Counsel Assistance.

It is clear the deficient performance both lawyers had showed with the "Stash House" issue since neither one of them were capable of at least obtain the chance for a second though from the court, even when there is one of the panel's judge dissenting from others in regards the "Stash House" which could be used to probe that the enhancement is a miscarriage of justice against the Movant, this, notwithsatnding that the Movant repeatedly stated either to Herring-

ton as to the Federal agents since the time of his arrest, that he had never placed the drugs inside the house at any time. He always affirm he hold the drugs inside the vehicle parked <u>in the street</u> right in front his residence. Legitimately, the drugs were never inside the house. Herrington was totally inffective and deficient to probe this. Bearing in mind that this poor performance showed by his counsel, lead ot another enhancement applied to Rodriguez which was the firearms found in the residence. This was taken in account against the Movant and triggered his offense level from 26 points to 30, resulting in a substantial greater punishment for the defendant.

<u>GROUND THREE:</u> Ineffective Counsel Assistance.

As a last ground provided from the Movant, there is another Ineffective Counsel Assistance by the Attorney, this time for want of prosecution from Mr. Herrington by not pursuing with more attempts or better efforts to demonstrate the Court's plain error on using the miscalculated mandatory minimum sentence of 70-87 months instead the correct of 57-71 months. Furthermore, Herrington had failed even more to the extent that the Movant has received over the minimum mandatory sentence by receiving seventy seven (77) months of sentence on his cause.

## CONCLUSION

The Constitution guarantees an accussed the effective assistance of a Counsel. "The right to counsel is the right to effective assistance of counsel". <u>Strickland v. Washington, 466 U.S. 668, 686, 80 L.Ed 2d 674, 104 S.Ct. 2052 (1984).</u> "When a jurisdiction provides an appeal of right, due process also guarantees the assistance of counsel on appeal".

The Movant has the right to expect that his attorney(s) will use every skill, expend every energy, and tap every legitimate resource in exercise of independent professional judgment on behalf of defendant and undertaking representation.

Therefore, it is requested that the Honorable Court allow him to supplement his action. That the Court accept this current claim and order the respondents to answer said claim. That this submission and request is presented in the interest of justice and for the expansion of the record.

Movant further prays this Court grant his motion, accept the memorandum in support as well as any other action it deems beneficial to him or his cause.

This January 28, 2019.

*Arnulfo Rodriguez*
ARNULFO RODRIGUEZ REG. 53753-177
BOP GILES W. DALBY C. F. (A1-27L)
805 NORTH AVENUE F
POST, TEXAS 79356

## VERIFICATION

I have read the foregoing "Memorandum of Law In Support to File a Supplement for Motion Under 28 U.S.C. §2255 To Vacate, Set Aside, or Correct Sentence". and hereby verify that the matters alleged herein are true, except as to matters alleged on information and belief, and as to those, I believe them to be true. I certify under the penalty of perjury that the foregoing is true and correct. Executed at Post, Texas on this January 28, 2019

*Arnulfo Rodriguez*
ARNULFO RODRIGUEZ REG. 53753-177
PRO SE LITIGANT

## CERTIFICATE OF SERVICE

I certify under the penalty of perjury that the foregoing

"Memorandum of Law In Support To File A Supplement For Motion UNder 28 U.S.C. §2255 To Vacate, Set Aside, Or Correct Sentence" was placed into the prison's mail system, postage pre-paid for service upon this Honorable Court via the United States Mail System on January 28, 2019 to the United States District Court Clerk, for the Northern District of Texas, Fort Worth Division at 501 W, 10TH Street, room 310, Fort Worth, Texas 76102. Movant asks this court's Clerk to serve all other interested parties via electronic notification.

*Arnulfo Rodriguez.*
ARNULFO RODRIGUEZ # 53753-177
BOP GILES W. DALBY C.F. (A1-27L)
805 NORTH AVENUE F
POST, TEXAS 79356