IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| ARNULFO RODRIGUEZ, § | |
| § | |
| Movant, § | |
| § | |
| VS. § | NO. 4:18-CV-876-O |
| § | (NO. 4:16-CR-029-O) |
| UNITED STATES OF AMERICA, § | |
| § | |
| Respondent. § | |

### OPINION AND ORDER

Came on for consideration the motion of Arnulfo Rodriguez, movant, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. The court, having considered the motion, the government's response, the record, including the record in the underlying criminal case, No. 4:16-CR-029-O, styled "United States v. Luis Felipe Castaneda, et al.," and applicable authorities, finds that the motion should be denied.

### I. BACKGROUND

The record in the underlying criminal case reflects the following:

On February 10, 2016, movant was named along with others in a one-count indictment charging him with conspiracy to possess with intent to distribute a mixture and substance containing cocaine, in violation of 21 U.S.C. § 846. CR Doc.[1] 32. On March 15, 2016, movant appeared before the court with his counsel and entered a plea of guilty to the offense charged. CR Doc. 57. Movant and his counsel signed a factual resume, which set forth the penalties movant faced, the elements of the offense, and the stipulated facts that established that movant had

---

[1] The "CR Doc. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:16-CR-029-O.

committed the offense. CR Doc. 49. In particular, movant admitted that he was the source of 2.2 kilograms of cocaine that he provided to a coconspirator knowing that the cocaine would be distributed. *Id.* at 3. The court accepted movant's plea, finding that it was knowingly and voluntarily made.[2]

The probation officer prepared a presentence report ("PSR") reflecting that movant's base offense level was 26. CR Doc. 75, ¶ 48. He received two-level enhancements because the offense involved firearms, *id.* ¶ 49, and because movant maintained a drug premises. *Id.* ¶ 50. Movant received a two-level and a one-level reduction for acceptance of responsibility. *Id.* ¶¶ 57–58. Based on a total offense level of 27 and a criminal history category of I, movant's guideline imprisonment range was 70 to 87 months. *Id.* ¶ 116. Movant filed objections to the PSR, CR Doc. 132, and the probation officer prepared an addendum. CR Doc. 84. Movant filed a response to the addendum stating that he was withdrawing all fact-based objections to the PSR but reserving the right to argue that he should not receive the enhancement for maintaining a drug premises. CR Doc. 89. The court overruled the objection. CR Doc. 126 at 4.

Movant was sentenced to a term of imprisonment of 77 months. CR Doc. 110. He appealed. CR Doc. 103. The United States Court of Appeals for the Fifth Circuit affirmed his sentence. *United States v. Rodriguez*, 707 F. App'x 224 (5th Cir. 2017). His petition for writ of certiorari was denied. *Rodriguez v. United States*, 138 S. Ct. 1572 (2018).

---

[2] A transcript of the hearing has not been prepared, but the court follows the same routine in each case where a plea is entered.

## II. GROUNDS OF THE MOTION

Movant asserts a number of claims, all based on alleged ineffective assistance of counsel. Doc.[3] 1 at 7; Doc. 15 at 2–5.[4] Curiously, in addition to complaining about the conduct of his court-appointed counsel, movant makes allegations about the conduct of David D. Burns ("Burns"). Doc. 15 at 2–5. The record does not reflect that Burns represented any defendant in the underlying criminal case.

## III. APPLICABLE LEGAL STANDARDS

### A. 28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164-165 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua,* 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974);

---

[3] The "Doc. __" reference is to the number of the item on the docket in this civil action.
[4] The court allowed the filing of a supplement to the motion and instructed the government to respond to the additional grounds asserted. Doc. 16.

*United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

### B. Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Missouri v. Frye*, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

## IV. ANALYSIS

A valid guilty plea waives all nonjurisdictional defects, including claims of ineffectiveness (except as it relates to the voluntariness of the plea). *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983). Movant does not question the voluntariness of his plea. Thus, his claims regarding failure to investigate or challenge police misconduct and the like are waived.[5] *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000). His allegations regarding counsel's ineffectiveness are conclusory in any event. Doc. 1 at 7; Doc. 15 at 2–5. Conclusory claims do not raise constitutional issues. *Green v. Johnson*, 160 F.3d 1029, 1042 (5th Cir. 1998). And, he has made no attempt to show that but for counsel's errors, he would not have pleaded guilty but would have insisted on a trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Some of the matters about which movant complains would not have been to his benefit. For example, he complains that his counsel "failed to demonstrate the non-relation between the firearms found at Movant's residence and the drugs seized . . . even when there exist[ed] a significant distance between the location of the seizure and the Movant's home." Doc. 15 at 3. *See, e.g., United States v. Paulk*, 917 F.2d 879, 882 (5th Cir. 1990); *United States v. Otero*, 868 F.2d 1412, 1414–15 (5th Cir. 1989)(distance is not dispositive). And, he seems to complain about his own self-incriminating statement and statements he says he never made. *Id.* at 3–4. Movant admitted that he had stored guns, cocaine, and money earmarked for purchase of cocaine at his residence. CR Doc. 84. He admitted that he had obtained approximately 30 kilograms of cocaine in approximately 6 years. CR Doc. 75, ¶ 36. He faced loss of acceptance of responsibility had he

---

[5] The allegation that movant was harmed by his counsel's failure to request proper lab testing of the drugs is without merit. The record reflects that the drugs were tested and the results provided to counsel. CR Doc. 75, ¶ 23; CR Doc. 84 at 1.

5

persisted in his objections to the enhancements. CR Doc. 84. Counsel cannot have been ineffective in withdrawing them. *United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999).

Movant complains that his counsel was ineffective in failing to convince the court that he should not have received the enhancement for maintaining a drug premises and that his guideline range should have been lower. Doc. 15 at 4–5. The drug premises issue was vigorously pursued and ultimately failed. *Rodriguez*, 707 F. App'x at 224–29. That counsel did not prevail does not mean that movant received ineffective assistance. *Dorsey v. Stephens*, 720 F.3d 309 (5th Cir. 2013). The court clearly stated that it would have imposed the same sentence even had the guideline calculation been incorrect. CR Doc. 126. For this reason, the Fifth Circuit determined that movant could not show harm. *Rodriguez*, 707 F. App'x at 228–29.

## V. CONCLUSION

For the reasons discussed herein, movant's motion under § 2255 is **DENIED**.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this 21st day of December, 2020.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**